UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------X
ADVANCED TECHNOLOGY            )
MATERIALS, INC.,               )
ATMI PACKAGING, INC.,          )
      and                      )
LEVTECH, INC.,                 )
                               )
      Plaintiffs,              )        Civil Action No. 1:10-cv-11247-RGS
                               )
v.                             )        MILLIPORE'S ANSWER,
                               )        AFFIRMATIVE DEFENSES,
MILLIPORE CORPORATION,         )        AND COUNTERCLAIM
MERCK KGaA,                    )
CONCORD INVESTMENTS            )
CORPORATION,                   )        JURY TRIAL DEMANDED
EMD MILLIPORE CORPORATION,     )
EMD MILLIPORE, INC.,           )
      and                      )
THERMO FISHER SCIENTIFIC, INC. )
                               )
      Defendants.              )
-----------------------------------------------------X
```

The defendant Millipore Corporation ("Millipore") answers the Complaint of the

plaintiffs Advanced Technology Materials, Inc., ATMI Packaging, Inc., and LevTech, Inc.

(together "the plaintiffs") in this action as follows:

1.      Millipore lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 1 of the Complaint and therefore denies the same.

2.      Millipore lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 2 of the Complaint and therefore denies the same.

3.      Millipore lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 3 of the Complaint and therefore denies the same.

4.      With respect to paragraph 4 of the Complaint, Millipore admits only that Merck KGaA is a partnership limited by shares under the laws of Germany with a place of business at Frankfurter Str. 250, 64293 Darmstadt.  Millipore denies the remaining allegations in paragraph 4 of the Complaint.

5.      With respect to paragraph 5 of the Complaint, Millipore admits only that Concord Investments Corp. is a wholly-owned subsidiary of Merck KGaA and that it is a Massachusetts corporation with a place of business at One Technology Place, Rockland, Massachusetts. Millipore denies the remaining allegations in paragraph 5 of the Complaint.

6.      Millipore admits the allegations in paragraph 6 of the Complaint.

7.      Millipore denies the allegations in paragraph 7 of the Complaint.

8.      Millipore denies the allegations in paragraph 8 of the Complaint.

9.      Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the same.

10.     With respect to paragraph 10 of the Complaint, Millipore admits only that the plaintiffs allege that this is an action for patent infringement under Title 35 of the United States Code, with subject matter jurisdiction conferred by 28 U.S.C. §§ 1331 and 1338(a).  Millipore further states that no response is required to the remaining allegations in paragraph 10 of the Complaint as they are legal conclusions, but to the extent an answer is required, Millipore denies the remaining allegations in paragraph 10 of the Complaint.

11.     With respect to paragraph 11 of the Complaint, Millipore admits only that Merck KGaA is a German partnership limited by shares under the laws of Germany.  Millipore denies the remaining allegations in paragraph 11 of the Complaint.

12.     With respect to paragraph 12 of the Complaint, Millipore admits only that Concord Investments Corporation is a Massachusetts corporation with a place of business in Massachusetts.  Millipore denies the remaining allegations in paragraph 12 of the Complaint.

13.     With respect to paragraph 13 of the Complaint, Millipore admits only that this Court has personal jurisdiction over Millipore and that Millipore is a Massachusetts corporation with a place of business in Massachusetts and that it makes, uses, sells and/or offers to sell products in Massachusetts, which are alleged to infringe as stated in the Complaint.  Millipore denies the remaining allegations in paragraph 13 of the Complaint.

14.     Millipore denies the allegations in paragraph 14 of the Complaint.

15.     Millipore denies the allegations in paragraph 15 of the Complaint.

16.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint and therefore denies the same.

17.     With respect to paragraph 17 of the Complaint, Millipore admits only that the plaintiffs allege that venue is proper under 28 U.S.C. § 1391(b), (c), and (d) and 28 U.S.C. § 1400(b).  Millipore further states that no response is required to the remaining allegations in paragraph 17 of the Complaint as they are legal conclusions, but to the extent an answer is required Millipore denies the remaining allegations in paragraph 17 of the Complaint.

18.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint and therefore denies the same.

19.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies the same.

20.     With respect to paragraph 20 of the Complaint, Millipore admits only that U.S. Patent Nos. 7,695,186, 7,481,572, 7,086,778, 7,434,983, 7,267,479, 7,469,884 and 7,384,027 are

assigned on their face to LevTech, Inc. ("LevTech") and that the patents relate to what is stated in the patents, which speak for themselves.  Millipore lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and therefore denies the same.

21.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies the same.

22.     With respect to paragraph 22 of the Complaint, Millipore admits only that the Mobius® Single-use Mixing System is a single-use mixing system that Millipore manufactures, uses, sells and/or offers for sale in Massachusetts and elsewhere in the United States.  Millipore denies the remaining allegations in paragraph 22 of the Complaint.

23.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies the same.

24.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies the same.

25.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies the same.

26.     Millipore repeats and realleges paragraphs 1 to 25 of this Answer, Affirmative Defenses, and Counterclaim as if they were fully set forth.

27.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28.     Millipore denies the allegations in paragraph 28 of the Complaint.

29.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies the same.

30.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies the same.

31.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies the same.

32.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies the same.

33.     Millipore denies the allegations in paragraph 33 of the Complaint.

34.     Millipore denies the allegations in paragraph 34 of the Complaint.

35.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies the same.

36.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     Millipore repeats and realleges paragraphs 1 through 36 of this Answer, Affirmative Defenses, and Counterclaim as if they were fully set forth.

38.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the complaint and therefore denies the same.

39.     Millipore denies the allegations in paragraph 39 of the complaint.

40.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the complaint and therefore denies the same.

41.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the complaint and therefore denies the same.

42.     Millipore denies the allegations in paragraph 42 of the complaint.

43.     Millipore denies the allegations in paragraph 43 of the complaint.

44.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the complaint and therefore denies the same.

45.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the complaint and therefore denies the same.

46.     Millipore repeats and realleges paragraphs 1 through 45 of this Answer, Affirmative Defenses, and Counterclaim as if they were fully set forth.

47.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the complaint and therefore denies the same.

48.     Millipore denies the allegations in paragraph 48 of the complaint.

49.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the complaint and therefore denies the same.

50.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the complaint and therefore denies the same.

51.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the complaint and therefore denies the same.

52.     Millipore denies the allegations in paragraph 52 of the complaint.

53.     Millipore denies the allegations in paragraph 53 of the complaint.

54.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the complaint and therefore denies the same.

55.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the complaint and therefore denies the same.

56.     Millipore repeats and realleges paragraphs 1 through 55 of this Answer, Affirmative Defenses, and Counterclaim as if they were fully set forth.

57.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the complaint and therefore denies the same.

58.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the complaint and therefore denies the same.

59.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the complaint and therefore denies the same.

60.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the complaint and therefore denies the same.

61.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the complaint and therefore denies the same.

62.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the complaint and therefore denies the same.

63.     Millipore repeats and realleges paragraphs 1 through 62 of this Answer, Affirmative Defenses, and Counterclaim as if they were fully set forth.

64.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the complaint and therefore denies the same.

65.     Millipore denies the allegations in paragraph 65 of the complaint.

66.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the complaint and therefore denies the same.

67.     Millipore denies the allegations in paragraph 67 of the complaint.

68.     Millipore denies the allegations in paragraph 68 of the complaint.

69.     Millipore repeats and realleges paragraphs 1 through 68 of this Answer, Affirmative Defenses, and Counterclaim as if they were fully set forth.

70.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the complaint and therefore denies the same.

71.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the complaint and therefore denies the same.

72.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the complaint and therefore denies the same.

73.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the complaint and therefore denies the same.

74.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the complaint and therefore denies the same.

75.     Millipore repeats and realleges paragraphs 1 through 74 of this Answer, Affirmative Defenses, and Counterclaim as if they were fully set forth.

76.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the complaint and therefore denies the same.

77.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the complaint and therefore denies the same.

78.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the complaint and therefore denies the same.

79.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the complaint and therefore denies the same.

80.     Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the complaint and therefore denies the same.

## FIRST AFFIRMATIVE DEFENSE

81.     The Complaint and each count thereof fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

82.     Millipore has not infringed and does not infringe any valid claim of U.S. Patent No. 7,695,186 ("the '186 Patent").

## THIRD AFFIRMATIVE DEFENSE

83.     Millipore has not infringed and does not infringe any valid claim of U.S. Patent No. 7,481,572 ("the '572 Patent").

## FOURTH AFFIRMATIVE DEFENSE

84.     Millipore has not infringed and does not infringe any valid claim of U.S. Patent No. 7,086,778 ("the '778 Patent").

## FIFTH AFFIRMATIVE DEFENSE

85.     Millipore has not infringed and does not infringe any valid claim of U.S. Patent No. 7,267,479 ("the '479 Patent").

## SIXTH AFFIRMATIVE DEFENSE

86.     One or more claims of the '186 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

## SEVENTH AFFIRMATIVE DEFENSE

87.     One or more claims of the '572 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

## EIGHTH AFFIRMATIVE DEFENSE

88.     One or more claims of the '778 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

## NINTH AFFIRMATIVE DEFENSE

89.     One or more claims of the '479 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

## TENTH AFFIRMATIVE DEFENSE

90.     By reason of disclosures, admissions, arguments, statements, and amendments made in the patent applications and during the prosecution of the applications that resulted in the issuance of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent, the plaintiffs are estopped from construing claims of these patents to include accused Millipore products under the doctrine of prosecution history estoppel and prosecution history disavowal or disclaimer.

## ELEVENTH AFFIRMATIVE DEFENSE

91.     On information and belief, the plaintiffs have failed to mark all applicable single-use mixing and single-use bioprocess systems that they manufacture, sell, or allow to be sold by licensees with any of the '186 Patent, the '572 Patent, the '778 Patent, or the '479 Patent patent numbers, and have otherwise failed to comply with the marking and notice requirements set forth in 35 U.S.C. § 287.  The plaintiffs are therefore barred from recovering any damages for any period before filing of the Complaint in this action.

## TWELFTH AFFIRMATIVE DEFENSE

92.     The Complaint makes no allegation as to any right the plaintiff Advanced Technology Materials, Inc. ("ATMI") has in any patent asserted in this action.

93.    The Complaint makes no allegation as to any right the plaintiff ATMI Packaging, Inc. ("ATMI Packaging") has in any patent asserted in this action.

94.    The Complaint alleges in paragraphs 27, 38, 47, and 64 that LevTech is the owner of and has full right, title, and interest in and to the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent with the exclusive right to sue and collect damages for past, present, and future infringement thereof.

95.    The allegation in paragraph 21 of the Complaint that "ATMI, through its wholly-owned subsidiaries, ATMI Packaging and LevTech, manufactures and sells single-use mixing and bioprocess systems covered by one or more claims of the Asserted Patents in the United States and elsewhere in the world" fails to state that ATMI or ATMI Packaging has any rights in any of the patents asserted against Millipore.

96.    The Complaint fails to state a claim in support of standing of ATMI or ATMI Packaging to assert any claim against Millipore Corporation in this action.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

97.    The plaintiffs' claims against Millipore are barred, in whole or in part, by the equitable doctrine of laches.

<u>COUNTERCLAIM</u>

The plaintiff-in-counterclaim Millipore Corporation ("Millipore") for its counterclaim against the counterclaim defendant LevTech, Inc. and, if not dismissed from this action due to lack of standing, against the counterclaim defendants Advanced Technology Materials, Inc. and ATMI Packaging, Inc., states:

1.    Millipore is a Massachusetts corporation with a place of business at 290 Concord Road, Billerica, Massachusetts.

2.      On information or belief, Advanced Technology Materials, Inc. ("ATMI") is a Delaware corporation with a place of business at 7 Commerce Drive, Danbury, Connecticut.

3.      On information or belief, ATMI Packaging, Inc. ("ATMI Packaging") is a Minnesota corporation with a place of business at 10851 South Louisiana Avenue, South Bloomington, Minnesota.

4.      On information or belief, LevTech, Inc. ("LevTech") is a Delaware corporation with a place of business at 7 Commerce Drive, Danbury, Connecticut.

5.      ATMI, ATMI Packaging, and LevTech allege in the Complaint in this action that LevTech is the owner of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent.

6.      ATMI, ATMI Packaging, and LevTech brought the original action alleging that Millipore has engaged and continues to engage in activities which constitute infringement of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent.

7.      Millipore denies these allegations, and there is an actual controversy between Millipore and the plaintiffs as to the noninfringement and invalidity of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent.  Absent a declaration concerning infringement and validity of these patents, the plaintiffs will continue to wrongfully assert the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent against Millipore and thereby cause injury to Millipore.

8.      ATMI, ATMI Packaging, and LevTech further alleged in the original action infringement by the defendant Thermo Fisher Scientific ("Thermo Fisher") of U.S. Patent No. 7,469,884 (the "'884 Patent") and U.S. Patent No. 7,384,027 (the "'027 Patent") based on its allegations that Thermo Fisher's Thermo Scientific Hyclone Single-Use Bioreactor is a

single-use bioprocess system that Thermo Fisher manufactures, uses, sells, and/or offers for sale in Massachusetts and elsewhere in the United States.

9.      This Court has subject matter jurisdiction over Millipore's Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10.     This Court has personal jurisdiction over ATMI, ATMI Packaging, and LevTech.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400.

COUNT I

(Declaration of Noninfringement of '186, '572, '778, and '479 Patents)

12.     Millipore repeats and realleges paragraphs 1 through 11 of this Counterclaim as if they were fully set forth.

13.     Millipore has not infringed and does not infringe any valid claim of the '186 Patent, the '572 Patent, the '778 Patent, or the '479 Patent.

14.     Millipore is entitled to a declaration that Millipore has not infringed and does not infringe any valid claim of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent.

COUNT II

(Declaration of Invalidity of '186, '572, '778, and '479 Patents)

15.     Millipore repeats and realleges paragraphs 1 through 14 of this Counterclaim as if they were fully set forth.

16.     One or more claims of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

17.     Millipore is entitled to a declaration that claims of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent are invalid.

<u>COUNT III</u>
(Millipore's Bioreactor System)

18.     Millipore repeats and realleges paragraphs 1 through 17 of this Counterclaim as if they were fully set forth.

19.     On December 30, 2008, U. S. Patent No. 7,469,884 ("the '884 Patent") was issued to alleged inventor Alexandre N. Terentiev, and assigned on its face to LevTech.

20.     On June 10, 2008, U. S. Patent No. 7,384,027 ("the '027 Patent") was issued to alleged inventor Alexandre N. Terentiev, and assigned on its face to LevTech.

21.     Millipore has designed and intends to make, use, sell, and offer for sale bioreactor systems in the United States that include a single-use bioreactor bag capable of providing contemporaneous sparging and agitation to a fluid.

22.     The design is essentially complete as to all significant aspects of the bioreactor system, and Millipore is scheduling beta testing with an expectation that it will release the product to manufacture in April 2011 and launch its bioreactor systems as early as May or June 2011.  The design of the bioreactor system will be made available to ATMI, ATMI Packaging, and LevTech upon entry of a protective order in this action.

23.     Millipore and ATMI, ATMI Packaging, and LevTech already have actual adverse legal interests as to the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent, and these legal interests will be adjudicated in this action.

24.     Based on the allegations by ATMI, ATMI Packaging, and LevTech that the Thermo Scientific Hyclone Single-Use Bioreactor infringes the '884 Patent and the '027 Patent, it is expected that ATMI, ATMI Packaging, and LevTech will assert that Millipore's bioreactor system infringes the '884 Patent and the '027 Patent.

25.     ATMI, ATMI Packaging, and LevTech have purposefully directed enforcement of the '884 Patent and the '027 Patent at the forum in this action by asserting them against the defendant Thermo Fisher.

26.     ATMI, ATMI Packaging, and LevTech have demonstrated willingness to assert the '884 Patent and the '027 Patent in this action.

27.     Millipore denies that Millipore's bioreactor system infringes the '884 Patent and the '027 Patent, and there is a sufficient actual controversy between Millipore and the plaintiffs as to the noninfringement and invalidity of the '884 Patent and the '027 Patent by Millipore's bioreactor system.  Absent a declaration concerning infringement and validity of these patents, the plaintiffs are expected to assert the '884 Patent and the '027 Patent against Millipore, as they have asserted these patents in this action against Thermo Fisher.  Therefore, declaratory relief is necessary and proper.

28.     The plaintiffs have not filed a complaint against Millipore alleging infringement of the '884 Patent or the '027 Patent, but their suit against Thermo Fisher and the product Millipore will soon sell demonstrate their adverse legal interests as to these patents.  Millipore seeks the declaration and judgment of this Court that Millipore does not and, in making, using, selling and offering for sale its new bioreactor systems, will not infringe the '884 Patent or the '027 Patent.

29.     Millipore and ATMI, ATMI Packaging, and LevTech have actual adverse legal interests with respect to the '884 Patent and the '027 Patent that are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30.     Millipore seeks a judgment and declaration of this Court that the '884 Patent and the '027 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Millipore respectfully requests that the Court:

A.      Dismiss the complaint in this action with prejudice;

B.      Deny each and every claim for relief made by the plaintiffs;

C.      Dismiss ATMI and ATMI Packaging from this action;

D.      Declare and enter judgment that Millipore has not infringed and does not infringe any valid claim of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent;

E.      Declare and enter judgment that claims of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent are invalid;

F.      Declare and enter judgment that Millipore's bioreactor system does not infringe any valid claim of the '027 Patent and the '884 Patent;

G.      Declare and enter judgment that claims of the '027 Patent and the '884 Patent are invalid;

H.      Determine that this is an exceptional case under 35 U.S.C. § 285, and award Millipore its attorneys' fees in this action;

I.      Enter judgment awarding Millipore the costs and expenses incurred in this action, including its attorneys' fees, costs and expenses;

J.      Award Millipore such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Millipore hereby demands a trial by jury in this action on all claims and issues triable before a jury.

MILLIPORE CORPORATION

By its attorneys,

/s/  Susan G. L. Glovsky
Susan G. L. Glovsky (BBO# 195880)
susan.glovsky@hbsr.com
Lawrence P. Cogswell III, Ph.D. (BBO #664396)
lawrence.cogswell@hbsr.com
Christopher K. Albert (BBO #670409)
christopher.albert@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742
Telephone:  (978) 341-0036
Fax:  (978) 341-0136

Dated:  December 23, 2010

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 23, 2010.

/s/  Susan G. L. Glovsky
Susan G. L. Glovsky

1040790.1