UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------X
ADVANCED TECHNOLOGY            )
MATERIALS, INC.,               )
ATMI PACKAGING, INC.,          )
     and                       )
LEVTECH, INC.,                 )
                               )
     Plaintiffs,               )   Civil Action No. 1:10-cv-11247-RGS
                               )
v.                             )
                               )
                               )   MEMORANDUM OF REASONS
                               )   IN SUPPORT OF MILLIPORE'S
MERCK KGaA,                    )   MOTION TO DISMISS
CONCORD INVESTMENTS            )   ADVANCED TECHNOLOGY MATERIALS, INC.
CORPORATION,                   )   AND ATMI PACKAGING, INC.
EMD MILLIPORE CORPORATION,     )   FOR LACK OF STANDING
EMD MILLIPORE, INC.,           )
     and                       )
THERMO FISHER SCIENTIFIC, INC. )
                               )
     Defendants.               )
-------------------------------------------------------X

In their Complaint, the plaintiffs Advanced Technology Materials, Inc. ("ATMI"), ATMI Packaging, Inc. ("ATMI Packaging"), and LevTech, Inc. ("LevTech") allege that the plaintiff LevTech, Inc. owns all of the patents asserted against Millipore Corporation[1] and has full right, title, and interest therein, with the *exclusive* right to sue and collect damages for past, present, and future infringement (emphasis added).

Consistent with LevTech having these exclusive rights, the Complaint does not allege that ATMI or ATMI Packaging has any rights in any of the patents asserted against Millipore Corporation. As a result, the Complaint fails to set forth any facts to support standing on the part of ATMI or ATMI Packaging to maintain the claims against Millipore asserted in this action.

---

[1] The patents asserted against Millipore Corporation are U.S. Patent Nos. 7,695,186 (Count I), 7,481,572 (Count II), 7,086,778 (Count III), and 7,267,479 (Count V).

Absent allegations sufficient to support standing, not only does the complaint fail to state a claim upon which relief can be granted to ATMI or ATMI Packaging, but this Court also lacks subject matter jurisdiction over those claims.

In addition, the Complaint fails to allege that ATMI or ATMI Packaging has any rights in any of the patents asserted against the defendant Thermo Fisher Scientific, Inc., the only other claims asserted by the plaintiffs in this action.[2]  Accordingly, ATMI and ATMI Packaging lack standing to bring *any* of the claims asserted in this action.

I. LEGAL ANALYSIS:

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a party may assert by motion the defense of lack of subject matter jurisdiction, Rule 12(b)(1), and the defense of failure to state a claim upon which relief can be granted, Rule 12(b)(6).  The law of the First Circuit governs the purely procedural issue as to whether the plaintiffs ATMI and ATMI Packaging should be dismissed from this patent action.  *Lans v. Digital Equipment Corporation et al.*, 252 F.3d 1320, 1326 (Fed. Cir. 2001).

A complaint is to be dismissed "if the complaint fails to state facts sufficient to establish a 'claim to relief that is plausible on its face.'"  *Trans-Spec Truck Service v. Caterpillar*, 524 F.3d 315, 320 (1st Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The facts establishing the defense have to be clear on the face of the plaintiff's pleadings.  *Trans-Spec*, 524 F.3d at 320.  "In assessing a rule 12(b)(6) motion to dismiss, [the Court] may consider, in addition to the complaint itself, a limited array of additional documents such as any that are attached to the complaint and documents sufficiently referred to in the complaint."  *Giragosian v. Bettencourt*, 614 F.3d 25, 27-28 (1st Cir. 2010) (internal quotations omitted).

---

[2] The patents asserted only against Thermo Fisher Scientific, Inc. are U.S. Patent Nos. 7,434,983 (Count IV), 7,469,884 (Count VI) and 7,384,027 (Count VII).

A Court may exercise jurisdiction only if a plaintiff has standing to sue on the date it files suit. *See Keene Corp. v. United States*, 508 U.S. 200, 207 (1993); *Abraxis Bioscience, Inc. v. Navinta LLC*, No. 2009-1539, 2010 U.S. App. LEXIS 23215, *13-16 (Fed. Cir. Nov. 9, 2010). The plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit to assert standing. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-10 (Fed. Cir. 2003). "Only a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit[.]" *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008); *accord Spine Solutions, Inc. v. Medtronic Sofamar Danek USA, Inc.*, 620 F.3d 1305, 1317 (Fed. Cir. 2010). The Patent Act confers the right to bring a civil action for infringement only on "a patentee." 35 U.S.C. § 281. The word "patentee" includes not only the patentee to whom the patent was issued but also the successors in title to the patentee. 35 U.S.C. § 100(d). Thus, only "patentees" have the right to bring suit, and those persons are specifically defined by the statute. *See Enovsys LLC v. Nextel Commc'ns., Inc.*, 614 F.3d 1333, 1341 (Fed. Cir. 2010).

Here, the Complaint is devoid of any allegations that ATMI and ATMI Packaging own, or co-own, the asserted patents and is similarly devoid of any factual allegation that either ATMI or ATMI Packaging is an exclusive licensee of any of the asserted patents.

Not only is the Complaint devoid of allegations to support ATMI or ATMI Packaging having standing to maintain an action for patent infringement against Millipore Corporation, but there are contrary allegations. The plaintiffs state clearly that the plaintiff *LevTech* owns, and has full right, title, and interest in, all of the patents asserted against Millipore Corporation, and possesses the *exclusive* right to sue and collect damages for past, present, and future infringement thereof. These assertions leave no rights for ATMI or ATMI Packaging to assert in this action as to the patents asserted against Millipore Corporation. The plaintiffs further state

clearly that the plaintiff LevTech owns and possesses *all* rights with respect to the patents asserted only against Thermo Fisher Scientific, Inc. including the *exclusive* right to sue for any infringement.

Therefore, based on the facts in the complaint, ATMI and ATMI Packaging lack standing to maintain this action.  As a result, the Complaint not only fails to state claims upon which relief can be granted, but the Court lacks subject matter jurisdiction over these claims.

II.     CONCLUSION:

ATMI and ATMI Packaging should be dismissed from this action pursuant to Rule 12(b)(1) and (6).

MILLIPORE CORPORATION

By its attorneys,

/s/  Susan G. L. Glovsky
Susan G. L. Glovsky (BBO# 195880)
susan.glovsky@hbsr.com
Lawrence P. Cogswell III, Ph.D. (BBO #664396)
lawrence.cogswell@hbsr.com
Christopher K. Albert (BBO #670409)
christopher.albert@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742
Telephone:  (978) 341-0036
Fax:  (978) 341-0136

Dated:  December 23, 2010

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent to electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 23, 2010.

      /s/ Susan G. L. Glovsky
      Susan G. L. Glovsky

1046388.1