UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| -------------------------------------------------------X | |
| ATMI PACKAGING, INC., ) | Civil Action No. 1:10-cv-11247-RGS |
|         Plaintiff, ) | |
| ) | MILLIPORE'S ANSWER, AFFIRMATIVE |
| v. ) | DEFENSES, AND AMENDED |
| ) | COUNTERCLAIM |
| MILLIPORE CORPORATION and ) | TO AMENDED COMPLAINT |
| THERMO FISHER SCIENTIFIC, INC., ) | |
|         Defendants. ) | |
| -------------------------------------------------------X | |

The defendant Millipore Corporation ("Millipore") answers the Amended Complaint of the plaintiff ATMI Packaging, Inc. ("ATMI Packaging") in this action as follows:

1.  Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint and therefore denies the same.

2.  Millipore admits the allegations in paragraph 2 of the Amended Complaint.

3.  Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint and therefore denies the same.

4.  With respect to paragraph 4 of the Amended Complaint, Millipore admits only that ATMI Packaging alleges that this is an action for patent infringement under Title 35 of the United States Code, with subject matter jurisdiction conferred by 28 U.S.C. §§ 1331 and 1338(a). Millipore further states that no response is required to the remaining allegations in paragraph 4 of the Amended Complaint as they are legal conclusions, but to the extent an answer is required Millipore denies the remaining allegations in paragraph 4 of the Amended Complaint.

5.  With respect to paragraph 5 of the Amended Complaint, Millipore admits only that this Court has personal jurisdiction over Millipore and that Millipore is a Massachusetts corporation with a place of business in Massachusetts and that it makes, uses, sells and/or offers to sell products in Massachusetts, which are alleged to infringe as stated in the Amended

Complaint.  Millipore denies the remaining allegations in paragraph 5 of the Amended Complaint.

6.   Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint and therefore denies the same.

7.   With respect to paragraph 7 of the Amended Complaint, Millipore admits only that ATMI Packaging alleges that venue is proper under 28 U.S.C. § 1391(b), (c), and (d) and 28 U.S.C. § 1400(b).  Millipore further states that no response is required to the remaining allegations in paragraph 7 of the Amended Complaint as they are legal conclusions, but to the extent an answer is required Millipore denies the remaining allegations in paragraph 7 of the Amended Complaint.

8.   Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint and therefore denies the same.

9.   Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint and therefore denies the same.

10.   With respect to paragraph 10 of the Amended Complaint, Millipore admits only that U.S. Patent Nos. 7,695,186, 7,481,572, 7,086,778, 7,434,983, 7,267,479, 7,469,884 and 7,384,027 are assigned on their face to LevTech, Inc. ("LevTech"), and that the patents relate to what is stated in the patents, which speak for themselves.  Millipore lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Amended Complaint and therefore denies the same.

11.   Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint and therefore denies the same.

12.   Millipore admits the allegations in paragraph 12 of the Amended Complaint.

13. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies the same.

14. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies the same.

15. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint and therefore denies the same.

16. Millipore repeats and realleges paragraphs 1 to 15 of this Answer, Affirmative Defenses, and Amended Counterclaim to the Amended Complaint as if they were fully set forth.

17. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint and therefore denies the same.

18. Millipore denies the allegations in paragraph 18 of the Amended Complaint.

19. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint and therefore denies the same.

20. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint and therefore denies the same.

21. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint and therefore denies the same.

22. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint and therefore denies the same.

23. Millipore denies the allegations in paragraph 23 of the Amended Complaint.

24. Millipore denies the allegations in paragraph 24 of the Amended Complaint.

25. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint and therefore denies the same.

26. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint.

27. Millipore repeats and realleges paragraphs 1 through 26 of this Answer, Affirmative Defenses, and Amended Counterclaim to the Amended Complaint as if they were fully set forth.

28. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint and therefore denies the same.

29. Millipore denies the allegations in paragraph 29 of the Amended Complaint.

30. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint and therefore denies the same.

31. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint and therefore denies the same.

32. Millipore denies the allegations in paragraph 32 of the Amended Complaint.

33. Millipore denies the allegations in paragraph 33 of the Amended Complaint.

34. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint and therefore denies the same.

35. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint and therefore denies the same.

36. Millipore repeats and realleges paragraphs 1 through 35 of this Answer, Affirmative Defenses, and Amended Counterclaim to the Amended Complaint as if they were fully set forth.

37. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint and therefore denies the same.

38. Millipore denies the allegations in paragraph 38 of the Amended Complaint.

39. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint and therefore denies the same.

40. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint and therefore denies the same.

41. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint and therefore denies the same.

42. Millipore denies the allegations in paragraph 42 of the Amended Complaint.

43. Millipore denies the allegations in paragraph 43 of the Amended Complaint.

44. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint and therefore denies the same.

45. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint and therefore denies the same.

46. Millipore repeats and realleges paragraphs 1 through 45 of this Answer, Affirmative Defenses, and Amended Counterclaim to the Amended Complaint as if they were fully set forth.

47. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint and therefore denies the same.

48. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint and therefore denies the same.

49. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint and therefore denies the same.

50. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint and therefore denies the same.

51. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint and therefore denies the same.

52. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint and therefore denies the same.

53. Millipore repeats and realleges paragraphs 1 through 52 of this Answer, Affirmative Defenses, and Amended Counterclaim to the Amended Complaint as if they were fully set forth.

54. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Amended Complaint and therefore denies the same.

55. Millipore denies the allegations in paragraph 55 of the Amended Complaint.

56. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint and therefore denies the same.

57. Millipore denies the allegations in paragraph 57 of the Amended Complaint.

58. Millipore denies the allegations in paragraph 58 of the Amended Complaint.

59. Millipore repeats and realleges paragraphs 1 through 58 of this Answer, Affirmative Defenses, and Amended Counterclaim to the Amended Complaint as if they were fully set forth.

60. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint and therefore denies the same.

61. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint and therefore denies the same.

62. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint and therefore denies the same.

63. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Amended Complaint and therefore denies the same.

64. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Amended Complaint and therefore denies the same.

65. Millipore repeats and realleges paragraphs 1 through 64 of this Answer, Affirmative Defenses, and Amended Counterclaim to the Amended Complaint as if they were fully set forth.

66. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Amended Complaint and therefore denies the same.

67. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Amended Complaint and therefore denies the same.

68. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Amended Complaint and therefore denies the same.

69. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Complaint and therefore denies the same.

70. Millipore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Amended Complaint and therefore denies the same.

## FIRST AFFIRMATIVE DEFENSE

71. The Amended Complaint and each count thereof fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

72. Millipore has not infringed and does not infringe any valid claim of U.S. Patent No. 7,695,186 ("'186 Patent").

## THIRD AFFIRMATIVE DEFENSE

73. Millipore has not infringed and does not infringe any valid claim of U.S. Patent No. 7,481,572 ("'572 Patent").

FOURTH AFFIRMATIVE DEFENSE

74. Millipore has not infringed and does not infringe any valid claim of U.S. Patent No. 7,086,778 ("'778 Patent").

FIFTH AFFIRMATIVE DEFENSE

75. Millipore has not infringed and does not infringe any valid claim of U.S. Patent No. 7,267,479 ("'479 Patent").

SIXTH AFFIRMATIVE DEFENSE

76. One or more claims of the '186 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

SEVENTH AFFIRMATIVE DEFENSE

77. One or more claims of the '572 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

EIGHTH AFFIRMATIVE DEFENSE

78. One or more claims of the '778 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

NINTH AFFIRMATIVE DEFENSE

79. One or more claims of the '479 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

TENTH AFFIRMATIVE DEFENSE

80. By reason of disclosures, admissions, arguments, statements, and amendments made in the patent applications and during the prosecution of the applications that resulted in the issuance of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent, ATMI

Packaging is estopped from construing claims of these patents to include accused Millipore products under the doctrines of prosecution history estoppel and prosecution history disavowal or disclaimer.

### ELEVENTH AFFIRMATIVE DEFENSE

81.   On information and belief, ATMI Packaging and one or more of its predecessors in interest have failed to mark all applicable single-use mixing and single-use bioprocess systems that they manufacture, sell, or allow to be sold by licensees with any of the '186 Patent, the '572 Patent, the '778 Patent, or the '479 Patent patent numbers and have otherwise failed to comply with the marking and notice requirements set forth in 35 U.S.C. § 287.  ATMI Packaging is therefore barred from recovering any damages for any period before the filing of the Complaint in this action.

### TWELFTH AFFIRMATIVE DEFENSE

82.   ATMI Packaging's claims against Millipore are barred, in whole or in part, by the equitable doctrine of laches.

### AMENDED COUNTERCLAIM

The plaintiff-in-counterclaim Millipore Corporation ("Millipore") for its amended counterclaim against the counterclaim defendant ATMI Packaging, Inc. ("ATMI Packaging") states as follows:

1.   Millipore is a Massachusetts corporation with a place of business at 290 Concord Road, Billerica, Massachusetts.

2.   On information and belief, ATMI Packaging is a Minnesota corporation with a place of business at 10851 South Louisiana Avenue, South Bloomington, Minnesota.

3.   ATMI Packaging alleges in the Amended Complaint in this action that it is the owner of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent.

4. ATMI Packaging alleges in the Amended Complaint that Millipore has engaged and continues to engage in activities which constitute infringement of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent.

5. Millipore denies these allegations, and there is an actual controversy between Millipore and ATMI Packaging as to the noninfringement and invalidity of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent. Absent a declaration concerning infringement and validity of these patents, ATMI Packaging will continue to wrongfully assert the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent against Millipore and thereby cause injury to Millipore.

6. ATMI Packaging alleges in the Amended Complaint in this action that it is the owner U.S. Patent Nos. 7,469,884 ("'884 Patent") and 7,384,027 ("'027 Patent").

7. ATMI Packaging further alleges in the Amended Complaint infringement by the defendant Thermo Fisher Scientific ("Thermo Fisher") of the '884 Patent and the '027 Patent based on its allegations that Thermo Fisher's Thermo Scientific Hyclone Single-Use Bioreactor is a single-use bioprocess system that Thermo Fisher manufactures, uses, sells, and/or offers for sale in Massachusetts and elsewhere in the United States.

8. This Court has subject matter jurisdiction over Millipore's Amended Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9. This Court has personal jurisdiction over ATMI Packaging.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400.

COUNT I
(Declaration of Noninfringement of the '186, '572, '778, and '479 Patents)

11. Millipore repeats and realleges paragraphs 1 through 10 of this Amended Counterclaim as if they were fully set forth.

12.     Millipore has not infringed and does not infringe any valid claim of the '186 Patent, the '572 Patent, the '778 Patent, or the '479 Patent.

13.     Millipore is entitled to a declaration that Millipore has not infringed and does not infringe any valid claim of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent.

## COUNT II
(Declaration of Invalidity of the '186, '572, '778, and '479 Patents)

14.     Millipore repeats and realleges paragraphs 1 through 13 of this Amended Counterclaim as if they were fully set forth.

15.     One or more claims of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent are invalid for failure to comply with the patent laws, including without limitation one or more of 35 U.S.C. §§ 102, 103, and 112.

16.     Millipore is entitled to a declaration that claims of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent are invalid.

## COUNT III
(Millipore's Bioreactor Systems)

17.     Millipore repeats and realleges paragraphs 1 through 16 of this Amended Counterclaim as if they were fully set forth.

18.     On December 30, 2008, U.S. Patent No. 7,469,884 ("'884 Patent") was issued to alleged inventor Alexandre N. Terentiev, assigned on its face to LevTech.  ATMI Packaging alleges in the Amended Complaint that it is the owner of the '884 Patent.

19.     On June 10, 2008, U.S. Patent No. 7,384,027 ("'027 Patent") was issued to alleged inventor Alexandre N. Terentiev, assigned on its face to LevTech.  ATMI Packaging alleges in the Amended Complaint that it is the owner of the '027 Patent.

20. Millipore has designed and intends to make, use, sell, and offer for sale bioreactor systems in the United States that include a single-use bioreactor bag capable of providing contemporaneous sparging and agitation to a fluid.

21. The design is essentially complete as to all significant aspects of the bioreactor systems, and Millipore is scheduling beta testing with an expectation that it will release the product to manufacture in April 2011 and launch its bioreactor systems as early as May or June 2011. The design of the bioreactor systems will be made available to ATMI Packaging upon entry of a protective order in this action.

22. Millipore and ATMI Packaging already have actual adverse legal interests as to the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent, and these legal interests will be adjudicated in this action.

23. Based on the allegations by ATMI Packaging that the Thermo Scientific Hyclone Single-Use Bioreactor infringes the '884 Patent and the '027 Patent, it is expected that ATMI Packaging will assert that Millipore's bioreactor systems infringe the '884 Patent and the '027 Patent.

24. ATMI Packaging has purposefully directed enforcement of the '884 Patent and the '027 Patent at the forum in this action by asserting them against the defendant Thermo Fisher.

25. ATMI Packaging has demonstrated willingness to assert the '884 Patent and the '027 Patent in this action.

26. Millipore denies that Millipore's bioreactor systems infringe any valid claim of the '884 Patent and the '027 Patent, and there is a sufficient actual controversy between Millipore and ATMI Packaging as to the noninfringement and invalidity of claims of the '884 Patent and the '027 Patent. Absent a declaration concerning infringement and validity of these

patents, ATMI Packaging is expected to assert the '884 Patent and the '027 Patent against Millipore, as it has asserted these patents in this action against Thermo Fisher. Therefore, declaratory relief is necessary and proper.

27. ATMI Packaging has not filed a complaint against Millipore alleging infringement of the '884 Patent or the '027 Patent, but its suit against Thermo Fisher and the product Millipore will soon sell demonstrate adverse legal interests of ATMI Packaging and Millipore as to these patents. Millipore seeks the declaration and judgment of this Court that Millipore does not and, in making, using, selling and offering for sale its new bioreactor systems, will not infringe the '884 Patent or the '027 Patent.

28. Millipore and ATMI Packaging have actual adverse legal interests with respect to the '884 Patent and the '027 Patent that are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29. Millipore seeks a judgment and declaration of this Court that the '884 Patent and the '027 Patent are invalid.

PRAYER FOR RELIEF

WHEREFORE, Millipore respectfully requests that the Court:

A. Dismiss the Amended Complaint in this action with prejudice;

B. Deny each and every claim for relief made by ATMI Packaging;

C. Declare and enter judgment that Millipore has not infringed and does not infringe any valid claim of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent;

D. Declare and enter judgment that claims of the '186 Patent, the '572 Patent, the '778 Patent, and the '479 Patent are invalid;

E. Declare and enter judgment that Millipore's bioreactor system does not infringe any valid claim of the '027 Patent and the '884 Patent;

F.      Declare and enter judgment that claims of the '027 Patent and the '884 Patent are invalid;

G.      Determine that this is an exceptional case under 35 U.S.C. § 285, and award Millipore its attorneys' fees in this action;

H.      Enter judgment awarding Millipore the costs and expenses incurred in this action, including its attorneys' fees, costs and expenses;

I.      Award Millipore such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Millipore hereby demands a trial by jury in this action on all claims and issues triable before a jury.

MILLIPORE CORPORATION

By its attorneys,

/s/ Susan G. L. Glovsky
Susan G. L. Glovsky (BBO# 195880)
susan.glovsky@hbsr.com
Lawrence P. Cogswell III, Ph.D. (BBO #664396)
lawrence.cogswell@hbsr.com
Christopher K. Albert (BBO #670409)
christopher.albert@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742
Telephone: (978) 341-0036
Fax: (978) 341-0136

Dated: January 14, 2011

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 14, 2011.

                                                /s/ Susan G. L. Glovsky
                                                Susan G. L. Glovsky

1051851.1