UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ATMI PACKAGING, INC.** <br><br> Plaintiff, <br><br> v. <br><br> **MILLIPORE CORPORATION** <br> and <br> **THERMO FISHER SCIENTIFIC, INC.** <br><br> Defendants. | Case No. 1:10-cv-11247-RGS <br><br> **JURY TRIAL DEMANDED** |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT AND COUNTERCLAIM-PLAINTIFF THERMO FISHER SCIENTIFIC, INC.

Defendant Thermo Fisher Scientific, Inc. ("Thermo") files this Answer, Affirmative Defenses, and Counterclaims in response to the Amended Complaint filed by Plaintiff ATMI Packaging, Inc. ("ATMI"). Thermo answers the allegations below only on behalf of itself and only as those allegations directed at Thermo. Thermo denies all allegations that are not expressly admitted as set forth below.

### THE PARTIES

1. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint.

2. Since the allegations of Paragraph 2 of the Amended Complaint are not directed against Thermo, no response is required.

3. Thermo admits the allegations of Paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4. Thermo admits that this Court has subject matter jurisdiction over this action. Thermo otherwise denies the allegations of Paragraph 4 of the Amended Complaint.

5. Since the allegations of Paragraph 5 of the Amended Complaint are not directed against Thermo, no response is required.

6. Thermo admits that it is subject to personal jurisdiction in this District. Thermo otherwise denies the allegations of Paragraph 6 of the Amended Complaint.

7. Thermo admits that venue is proper in this District, but otherwise denies the allegations of Paragraph 7 of the Amended Complaint.

## ATMI'S BUSINESS, PRODUCTS AND PATENTS

8. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint, and on that basis denies them.

9. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint, and on that basis denies them.

10. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint, and on that basis denies them.

11. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint, and on that basis denies them.

### MILLIPORE'S SINGLE-USE MIXING SYSTEM

12. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint and on that basis denies them.

### THERMOFISHER'S SINGLE-USE MIXING SYSTEMS
### AND SINGLE-USE BIOPROCESS SYSTEM

13. The Mixtainer System is manufactured, used, sold, and offered for sale by HyClone Laboratories Inc., not Thermo, and to this extent Thermo denies the allegations of Paragraph 13 of the Amended Complaint. Thermo admits that the Mixtainer System is a single-use mixing system.

14. The Single-Use Mixer (S.U.M.) is manufactured, used, sold, and offered for sale by HyClone Laboratories Inc., not Thermo, and to this extent Thermo denies the allegations of Paragraph 14 of the Amended Complaint. Thermo admits that the S.U.M. is a single-use mixing system.

15. The Single-Use Bioreactor (S.U.B.) is manufactured, used, sold, and offered for sale by HyClone Laboratories Inc., not Thermo, and to this extent Thermo denies the allegations of Paragraph 15 of the Amended Complaint. Thermo admits that the S.U.B. is a single-use bioprocess system.

### COUNT I
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,695,186)

16. Thermo incorporate its answers to Paragraphs 1 through 15 as if fully set forth here.

17. Thermo denies the allegations of Paragraph 17 of the Amended Complaint.

18. Since the allegations of Paragraph 18 of the Amended Complaint are not directed against Thermo, no response is required.

19. Thermo denies the allegations of Paragraph 19 of the Amended Complaint.

20. Thermo denies the allegations of Paragraph 20 of the Amended Complaint.

21. Thermo denies the allegations of Paragraph 21 of the Amended Complaint.

22. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint, and on that basis denies them.

23. Since the allegations of Paragraph 23 of the Amended Complaint are not directed against Thermo, no response is required.

24. Since the allegations of Paragraph 24 of the Amended Complaint are not directed against Thermo, no response is required.

25. Thermo denies the allegations of Paragraph 25 of the Amended Complaint.

26. Thermo denies the allegations of Paragraph 26 of the Amended Complaint.

**COUNT II**
**(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,481,572)**

27. Thermo incorporate its answers to Paragraphs 1 through 26 as if fully set forth here.

28. Thermo denies the allegations of Paragraph 28 of the Amended Complaint.

29. Since the allegations of Paragraph 29 of the Amended Complaint are not directed against Thermo, no response is required.

30. Thermo denies the allegations of Paragraph 30 of the Amended Complaint.

31. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Amended Complaint, and on that basis denies them.

32. Since the allegations of Paragraph 32 of the Amended Complaint are not directed against Thermo, no response is required.

33. Since the allegations of Paragraph 33 of the Amended Complaint are not directed against Thermo, no response is required.

34. Thermo denies the allegations of Paragraph 34 of the Amended Complaint.

35. Thermo denies the allegations of Paragraph 35 of the Amended Complaint.

## COUNT III
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,086,778)

36. Thermo incorporate its answers to Paragraphs 1 through 35 as if fully set forth here.

37. Thermo denies the allegations of Paragraph 37 of the Amended Complaint.

38. Since the allegations of Paragraph 38 of the Amended Complaint are not directed against Thermo, no response is required.

39. Thermo denies the allegations of Paragraph 39 of the Amended Complaint.

40. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Amended Complaint, and on that basis denies them.

41. Thermo denies the allegations of Paragraph 41 of the Amended Complaint.

42. Since the allegations of Paragraph 42 of the Amended Complaint are not directed against Thermo, no response is required.

43. Since the allegations of Paragraph 43 of the Amended Complaint are not directed against Thermo, no response is required.

44. Thermo denies the allegations of Paragraph 44 of the Amended Complaint.

45. Thermo denies the allegations of Paragraph 45 of the Amended Complaint.

### COUNT IV
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,434,983)

46. Thermo incorporate its answers to Paragraphs 1 through 45 as if fully set forth here.

47. Thermo denies the allegations of Paragraph 47 of the Amended Complaint.

48. Thermo denies the allegations of Paragraph 48 of the Amended Complaint.

49. Thermo denies the allegations of Paragraph 49 of the Amended Complaint.

50. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Amended Complaint, and on that basis denies them.

51. Thermo denies the allegations of Paragraph 51 of the Amended Complaint.

52. Thermo denies the allegations of Paragraph 52 of the Amended Complaint.

### COUNT V
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,267,479)

53. Thermo incorporate its answers to Paragraphs 1 through 52 as if fully set forth here.

54. Thermo denies the allegations of Paragraph 54 of the Amended Complaint.

55. Since the allegations of Paragraph 55 of the Amended Complaint are not directed against Thermo, no response is required.

56. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Amended Complaint, and on that basis denies them.

57. Since the allegations of Paragraph 57 of the Amended Complaint are not directed against Thermo, no response is required.

58. Since the allegations of Paragraph 58 of the Amended Complaint are not directed against Thermo, no response is required.

## COUNT VI
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,469,884)

59. Thermo incorporate its answers to Paragraphs 1 through 58 as if fully set forth here.

60. Thermo denies the allegations of Paragraph 60 of the Amended Complaint.

61. Thermo denies the allegations of Paragraph 61 of the Amended Complaint.

62. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Amended Complaint, and on that basis denies them.

63. Thermo denies the allegations of Paragraph 63 of the Amended Complaint.

64. Thermo denies the allegations of Paragraph 64 of the Amended Complaint.

## COUNT VII
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,384,027)

65. Thermo incorporate its answers to Paragraphs 1 through 64 as if fully set forth here.

66. Thermo denies the allegations of Paragraph 66 of the Amended Complaint.

67. Thermo denies the allegations of Paragraph 67 of the Amended Complaint.

68. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Amended Complaint, and on that basis denies them.

69. Thermo denies the allegations of Paragraph 69 of the Amended Complaint.

70. Thermo denies the allegations of Paragraph 70 of the Amended Complaint.

## ATMI'S PRAYER FOR RELIEF

71. Thermo denies that ATMI is entitled to any of the relief requested in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Thermo pleads the following affirmative defenses:

72. The Amended Complaint and each count/claim alleged fail to state any claim against Thermo upon which relief can be granted.

73. ATMI does not have the requisite ownership rights to establish standing to sue as to any of the patents asserted against Thermo.

74. Each patent asserted against Thermo and each claim thereof, are invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 1 et seq., including without limitation, the requirements in §§ 101, 102, 103, and/or 112, and the rules and regulations and laws pertaining thereto.

75. Thermo has not infringed and does not infringe, whether directly, contributorily, by inducement, or otherwise, any valid and enforceable claim of the any patent asserted against

Thermo, either literally or under the doctrine of equivalents, whether willfully or otherwise, and is not liable for any infringement of any patent asserted against Thermo.

76. Thermo has not willfully infringed any valid and enforceable claim of any patent asserted against Thermo.

77. ATMI is precluded under the doctrine of prosecution history estoppel from asserting any construction of any valid and enforceable claim of any patent asserted against Thermo to cover any method of manufacture used by, or product used, imported, sold, or offered for sale by Thermo, or any service offered by Thermo.

78. ATMI's claims for relief are barred in whole or in part by the doctrine of laches, waiver, and/or estoppel.

79. Any damages sought by ATMI are limited by 35 U.S.C. §§ 284, 286, and 287.

80. ATMI's claims for monetary relief are limited to, if anything, a reasonable and non-discriminatory royalty. ATMI is not entitled to any injunctive relief.

81. Thermo reserves the right to assert all affirmative and other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## **COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

82. Counterclaim-Plaintiff Thermo is a Delaware corporation with a principal place of business in Waltham, Massachusetts.

83. On information and belief, Counterclaim-Defendant ATMI is a Minnesota corporation with a principal place of business in South Bloomington, Minnesota.

**JURISDICTION AND VENUE**

84. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 U.S.C. §§ 1 et seq.

85. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201. An actual controversy exists between Thermo and ATMI under 28 U.S.C. § 2201 because ATMI sued Thermo for alleged infringement of U.S. Patent No. 7,695,186 (the "'186 Patent"), U.S. Patent No. 7,481,572 (the "'572 Patent"), U.S. Patent No. 7,086,778 (the "'778 Patent"), U.S. Patent No. 7,434,983 (the "'983 Patent"), U.S. Patent No. 7,469,884 (the "'884 Patent") and U.S. Patent No. 7,384,027 (the "'027 Patent") (collectively, the "Asserted Patents").

86. ATMI is subject to personal jurisdiction in this district by virtue, *inter alia*, of its filing of a complaint in this Court.

87. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

**COUNT I**
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF U.S. PATENT NO. 7,695,186**

88. Thermo repeats and realleges the allegations of Paragraphs 82-87 as if fully set forth herein.

89. An actual controversy exists between Thermo and ATMI as to Thermo's alleged infringement of the '186 Patent.

90. Thermo has not infringed and does not infringe any valid claim of the '186 Patent.

91. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is

entitled to a declaratory judgment that Thermo has not infringed and does not infringe any claim of the '186 Patent.

### COUNT II
### DECLARATORY JUDGMENT OF
### INVALIDITY OF U.S. PATENT NO. 7,695,186

92. Thermo repeats and realleges the allegations of Paragraphs 82-91 as if fully set forth herein.

93. An actual controversy exists between Thermo and ATMI as to the validity of the '186 Patent.

94. Each and every claim of the '186 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

95. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that the '186 patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

### COUNT III
### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF U.S. PATENT NO. 7,481,572

96. Thermo repeats and realleges the allegations of Paragraphs 82-95 as if fully set forth herein.

97. An actual controversy exists between Thermo and ATMI as to Thermo's alleged infringement of the '572 Patent.

98.     Thermo has not infringed and does not infringe any valid claim of the '572 Patent.

99.     To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that Thermo has not infringed and does not infringe any claim of the '572 Patent.

## COUNT IV
## DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 7,481,572

100.    Thermo repeats and realleges the allegations of Paragraphs 82-99 as if fully set forth herein.

101.    An actual controversy exists between Thermo and ATMI as to the validity of the '572 Patent.

102.    Each and every claim of the '572 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

103.    To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that the '572 patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

# COUNT V
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,086,778

104. Thermo repeats and realleges the allegations of Paragraphs 82-103 as if fully set forth herein.

105. An actual controversy exists between Thermo and ATMI as to Thermo's alleged infringement of the '778 Patent.

106. Thermo has not infringed and does not infringe any valid claim of the '778 Patent.

107. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that Thermo has not infringed and does not infringe any claim of the '778 Patent.

# COUNT VI
## DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 7,086,778

108. Thermo repeats and realleges the allegations of Paragraphs 82-107 as if fully set forth herein.

109. An actual controversy exists between Thermo and ATMI as to the validity of the '778 Patent.

110. Each and every claim of the '778 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

111. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that the '778 patent is invalid for failure to comply with one or

more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

## COUNT VII
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,434,983

112. Thermo repeats and realleges the allegations of Paragraphs 82-111 as if fully set forth herein.

113. An actual controversy exists between Thermo and ATMI as to Thermo's alleged infringement of the '983 Patent.

114. Thermo has not infringed and does not infringe any valid claim of the '983 Patent.

115. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that Thermo has not infringed and does not infringe any claim of the '983 Patent.

## COUNT VIII
## DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 7,434,983

116. Thermo repeats and realleges the allegations of Paragraphs 82-115 as if fully set forth herein.

117. An actual controversy exists between Thermo and ATMI as to the validity of the '983 Patent.

118. Each and every claim of the '983 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

119. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that the '983 patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

## COUNT IX
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,469,884

120. Thermo repeats and realleges the allegations of Paragraphs 82-119 as if fully set forth herein.

121. An actual controversy exists between Thermo and ATMI as to Thermo's alleged infringement of the '884 Patent.

122. Thermo has not infringed and does not infringe any valid claim of the '884 Patent.

123. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that Thermo has not infringed and does not infringe any claim of the '884 Patent.

## COUNT X
## DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 7,469,884

124. Thermo repeats and realleges the allegations of Paragraphs 82-123 as if fully set forth herein.

125. An actual controversy exists between Thermo and ATMI as to the validity of the '884 Patent.

126. Each and every claim of the '884 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

127. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that the '884 patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

## COUNT XI
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,384,027

128. Thermo repeats and realleges the allegations of Paragraphs 82-127 as if fully set forth herein.

129. An actual controversy exists between Thermo and ATMI as to Thermo's alleged infringement of the '027 Patent.

130. Thermo has not infringed and does not infringe any valid claim of the '027 Patent.

131. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that Thermo has not infringed and does not infringe any claim of the '027 Patent.

**COUNT XII
DECLARATORY JUDGMENT OF
INVALIDITY OF U.S. PATENT NO. 7,384,027**

132. Thermo repeats and realleges the allegations of Paragraphs 82-131 as if fully set forth herein.

133. An actual controversy exists between Thermo and ATMI as to the validity of the '027 Patent.

134. Each and every claim of the '027 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

135. To resolve the legal and factual questions raised by ATMI, and to afford relief from the uncertainty and controversy that ATMI's accusations have precipitated, Thermo is entitled to a declaratory judgment that the '027 patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 102, 103, and 112.

**RELIEF REQUESTED**

Wherefore, Thermo respectfully requests:

A. That this Court dismiss the Amended Complaint against Thermo with prejudice and find that ATMI take nothing by way of its Amended Complaint;

B. That this Court enter a judgment declaring that Thermo has not infringed and does not infringe any of the Asserted Patents;

C. That this Court enter a judgment declaring that Thermo has not induced and does not induce infringement of any of the Asserted Patents;

D.      That this Court enter a judgment declaring that Thermo has not contributorily infringed and does not contributorily infringe any of the Asserted Patents;

E.      That this Court enter a judgment declaring that Thermo has not willfully infringed and does not willfully infringe any of the Asserted Patents;

F.      That this Court enter a judgment denying any award to ATMI for damages, enhanced damages, interest, costs, or attorneys' fees;

G.      That this Court deny any injunction against Thermo;

H.      That this Court enter a judgment declaring that each of the Asserted Patents is invalid and/or unenforceable;

I.      That this Court declare that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by Thermo in this action; and

J.      That this Court award Thermo any and all other relief to which Thermo may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Thermo, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

Dated: January 18, 2011

/s/ Adam J. Kessel
Kurt L. Glitzenstein (BBO # 565,312)
Adam J. Kessel (BBO # 661,211)
Christopher B. Hadley (BBO # 676,579)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210
(617) 542-5070 Telephone
(617) 542-8906 Facsimile

Attorneys for
Defendant and Counterclaim-Plaintiff
Thermo Fisher Scientific, Inc.

**CERTIFICATE OF SERVICE**

I certify that this ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT AND COUNTERCLAIM-PLAINTIFF THERMO FISHER SCIENTIFIC, INC. is being filed through the Court's electronic filing system on January 18, 2011, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Adam J. Kessel
Adam J. Kessel