UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11247-RGS

ATMI PACKAGING, INC.

v.

MILLIPORE CORPORATION
and THERMO FISHER SCIENTIFIC, INC.

ORDER ON
MOTION TO DISMISS
DECLARATORY JUDGMENT COUNTERCLAIM

May 5, 2011

STEARNS, D.J.

Plaintiff ATMI Packagining, Inc. (ATMI) moves to dismiss counterclaim Count III brought by defendant Millipore Corporation seeking a declaratory judgment that its proprietary bioreactor (accused of infringing other of ATMI's patents) also does not infringe ATMI's U.S. Patent No. 7,469,884 ('884 patent). ATMI seeks dismissal of the declaratory judgment counterclaim stating that it "has never alleged, formerly or otherwise, that Millipore infringes the '884 Patent . . . [d]espite an opportunity to do so . . . ."[1]

The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (mirrored by Fed. R.

---

[1] ATMI also points out that its proposed Third Amended Complaint also does not allege infringement by Millipore of the '884 patent.

Civ. P. 57), "does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis. . . . Consequently, federal courts retain substantial discretion in deciding whether to grant declaratory relief." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995).

For a claim to be ripe in the declaratory judgment context, two prongs must be met – fitness for review and hardship. *Id*. at 535. *See also Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). Fitness involves the question of whether "the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all." *Mass. Ass'n of Afro-American Police, Inc. v. Boston Police Dep't*, 973 F.2d 18, 20 (1st Cir. 1992) (per curiam). "[T]he hallmark of cognizable hardship is usually direct and immediate harm, [although] other kinds of injuries occasionally may suffice." *Ernst & Young*, 45 F.3d at 536. "The notion that disputes which turn on purely legal questions are always ripe for judicial review is a myth." *Id*. at 537. *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-287 (1995) (the Declaratory Judgment Act does not bar a district court from declining to exercise its otherwise proper jurisdiction). As to the second prong, "[t]he key question involves the usefulness of a declaratory judgment, that is, the extent to which the desired declaration 'would be of practical assistance in setting the underlying controversy to rest.'" *Ernst & Young*, 45 F.3d at

2

537, quoting *Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 693 (1st Cir. 1994).

The court takes ATMI at its word and will decline to exercise jurisdiction for the purpose of a declaratory judgment deeming the matter to present no "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

## ORDER

For the foregoing reasons, ATMI's motion to dismiss the declaratory judgment counterclaim is <u>ALLOWED</u> without prejudice.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE